**COMMONWEALTH TITLE INSURANCE & TRUST CO. v. BELL, Clerk of Court.**

(Circuit Court, E. D. Pennsylvania. May 3, 1898.)

RECORDS OF FEDERAL COURTS—RIGHTS OF EXAMINATION.

Act Aug. 1, 1888, requires clerks of courts of the United States to keep in their offices indices of the judgment records of such courts, and that such indices and records shall be kept open to inspection and examination of the public. *Held*, that one engaged in the business of furnishing certificates and making insurance with respect to the existence of liens upon real estate has a right to make examinations of such indices and records, at such times and under such circumstances as will not interfere with the proper conduct of the business of the office, for the purpose of ascertaining whether or not

there are incumbrances on properties which his present customers are intending to purchase.

This case comes up on demurrer to a bill filed by the Commonwealth Title Insurance and Trust Company, charging that the defendant, Samuel Bell, clerk of the circuit court for the Eastern district of Pennsylvania, wrongfully denies to its representatives access to the indices, records, and papers of his office.

John G. Johnson, for plaintiff.

James M. Beck, for defendant.

DALLAS, Circuit Judge. By section 2 of the statute of August 1, 1888, entitled "An act to regulate the liens of judgments and decrees of the courts of the United States" (25 Stat. 357; Rev. St. Supp. p. 602), it is provided:

"That the clerks of the several courts of the United States shall prepare and keep in their respective offices complete and convenient indices and cross-indices of the judgment records of said courts, and such indices and records shall at all times be open to the inspection and examination of the public."

The plaintiff is a corporation engaged in the business of giving certificates and making insurances with respect to the existence of liens upon real estate, etc. It alleges that it has applied to the defendant, who is the clerk of the circuit court for this district, requesting him to give to its representatives access to the indices, cross-indices, records, and papers in his office, at such times and under such circumstances as would not interfere with the proper conduct of the business of the office, for the purpose of ascertaining whether or not there were incumbrances against properties intended to be purchased by its customers. This request the clerk, it is alleged, has declined to accede to. It will be observed, and, in view of certain decisions, it should be noted, that the plaintiff's demand does not extend beyond the assertion of a right to make examinations for the specific purpose of ascertaining the existence or nonexistence of incumbrances upon properties which its actual present customers are intending to purchase. It is, therefore, this restricted right which is denied by the sixth ground assigned as cause of demurrer, but, in my opinion, congress has expressly conferred it by enacting that "such indices and records shall, at all times, be open to the inspection and examination of the public." This question was before Judge Caldwell in the case of In re Chambers, 44 Fed. 786, and, after fully considering and discussing the whole subject in a manner which is quite satisfactory, he arrived at the conclusion which I, also, have reached, and which seems to be the only possible one. The other causes of demurrer assigned need not be now considered. The plaintiff may, if it should be so advised, move for leave to amend its bill; and the defendant will have leave to answer sec. reg., and he may, by answer, again present any of the questions presented by this demurrer, other than that which has now been considered and disposed of. Subject to this reservation, the demurrer is overruled.